UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANNA LYNN ROBINSON,                         )
                                            )
    Plaintiff,                              )
                                            )
vs.                                         )
                                            )   Civil Action No. 09-2237
BETH SHEPPERD, CHAMPAIGN UNIT 4             )
SCHOOL DISTRICT, and CHERYL O'LEARY,)
                                            )
    Defendants.                             )

## DEFENDANTS' RENEWED MOTION FOR SANCTIONS PURSUANT TO RULE 37

    DEFENDANTS, Beth Shepperd, Champaign Unit 4 School District, and Cheryl O'Leary, by Howard W. Small of Small & Freeman, Ltd., pursuant to Rule 37 of the Federal Rules of Civil Procedure, move for sanctions against Plaintiff, including dismissal with prejudice, and in support state as follows:

1. As the Court is aware, these Defendants filed a Motion for Sanctions on 5/18/10.
2. Plaintiff filed no written response to that Motion.
3. The Court by text Order dated 6/15/10, scheduled a Motion hearing on the Motion for Sanctions by personal appearance of the parties, for 6/29/10. A hearing was held, and Plaintiff personally appeared. At that time a lengthy discussion took place between the Magistrate and Plaintiff, setting forth with great clarity how Plaintiff must go about complying with Rule 26 disclosures. A deadline was established for Plaintiff to comply within 7 days of June 29th, i.e., on or before July 6th. Further, the Court allowed Defendants' Motion for Sanctions and allowed defense counsel leave to file an Affidavit in support of fees and costs within 14 days. Defendants filed the Affidavit on 6/30/10 and that Affidavit is pending.
4. Following the Order of 6/29/10, Plaintiff called defense counsel on two occasions, the first communication taking place approximately eight days after the June 29th Order. Plaintiff represented at that time that although she would be a couple of days late,

compliance would be forthcoming and that she would come into the office and deliver documents. Several more days passed, however, and no compliance was forthcoming. Plaintiff phoned defense counsel again several days thereafter, making similar representations. No compliance has been forthcoming and there have been no further communications from Plaintiff. No excuse for non-compliance has been offered to defense counsel. As of the dictation of this document on 7/13/10, no compliance by Plaintiff has been forthcoming.

5. Already, Plaintiff's delay in compliance has prejudiced Defendants' handling of the case. Had Plaintiff complied originally according to Federal Rules, her initial compliance would have been forthcoming five or six months ago. As things are, however, Plaintiff has still not complied and no serious further discovery in the case has taken place, and now according to the Court's Scheduling Order, all discovery is to be completed by 12/15/10. That means that even if Plaintiff complied immediately, Defendants' time within which to conduct all further discovery in the case has been compressed down to a five month period, whereas it was originally contemplated by the parties that Defendants would have approximately one year to conduct all necessary discovery. The premise upon which the Discovery Order dated 3/16/10 was entered was that Plaintiff's compliance would not be further delayed, and in fact paragraph three of that Discovery Order indicates that by 8/2/10 Plaintiff is to disclose experts and provide expert reports, and there is absolutely no way that the 3/16/10 Discovery Order can be carried out faithfully by the parties in view of Plaintiff's delay in Rule 26 compliance.

6. As the Defendants' original Motion for Sanctions outlined, numerous conferences have been held with Plaintiff and numerous attempts have been made to get Plaintiff to fully comply with Rule 26 disclosures. It has gotten to the point, in fact beyond the point, where the case can be responsibly administered by both the Court and defense counsel. These delays mainly prejudice the Defendants, since presumably Plaintiff already knows what her case would be and Defendants do not. There is no excuse or justification for reducing Defendants' time for further discovery down to a period of five months from the original contemplated period of approximately one year. This is

not presumably a simple auto accident or other type of uncomplicated case. Rather, it is a case of alleged employment discrimination. By definition, handling of such cases is usually more complicated and very document intensive. Realistically, it has gotten to the point where defense counsel must suggest to the Court that the case should be dismissed because it cannot otherwise be responsibly handled within the timeframe outlined by the Discovery Order.

WHEREFORE, Defendants pray for any appropriate further relief pursuant to Rule 37, and suggest that at this late stage an Order of Dismissal with prejudice against Plaintiff would be the appropriate remedy under all the circumstances.

BETH SHEPPERD, CHAMPAIGN UNIT 4 SCHOOL DISTRICT, AND CHERYL O'LEARY, Defendants

s/    **Howard W. Small**

Howard W. Small, Illinois Bar No.: 2636271
Attorney for Defendants
Law Office of Small & Freeman, Ltd.
41 East University Avenue, Suite 3D, P.O. Box 1337
Champaign, IL 61824-1337
Telephone: (217) 954.0635
Facsimile: (217) 954.0659
E-mail: hws@smallandfreemanlaw.com

**Designation of lead counsel: Pursuant to Local Rule 11.2, Howard W. Small is hereby designated as lead counsel responsible for receipt of telephone conference calls and other necessary communications from the Court.**

AFFIDAVIT

STATE OF ILLINOIS          )
                           ) ss
COUNTY OF CHAMPAIGN        )

HOWARD W. SMALL, being first duly sworn upon oath, deposes and states that he is the attorney for the Defendant, and that he has personal knowledge of the facts stated above, and that the matters stated are true and correct.

_____
Howard W. Small

3

SUBSCRIBED and SWORN TO
before me this 13th day of July, 2010.

*Tracy L. Reynolds*
Notary Public

```
OFFICIAL SEAL
TRACY L. REYNOLDS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-18-2013
```

### CERTIFICATE OF SERVICE

I hereby certify that on ___July 13, 2010___, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

I hereby certify that I have mailed a true and accurate copy of the same by United States Postal Service to the following non-CM/ECF participant:

Ms. Anna L. Robinson, *pro se*, 400 Briar Lane, Apt. 1, Champaign, IL  61820

s/ __**Howard W. Small**__

Howard W. Small, Illinois Bar No.: 2636271
Attorney for Defendants
Law Office of Small & Freeman, Ltd.
41 East University Avenue, Suite 3D, P.O. Box 1337
Champaign, IL 61824-1337
Telephone: (217) 954.0635
Facsimile: (217) 954.0659
E-mail: hws@smallandfreemanlaw.com

4