UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| ANNA LYNN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-CV-2237 |
| ) | |
| CHAMPAIGN UNIT 4 SCHOOL ) | |
| DISTRICT, BETH SHEPPARD, and ) | |
| CHERYL O'LEARY, ) | |
| ) | |
| Defendants. ) | |

## **OPINION**

On September 7, 2010, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#21) in this case. On September 23, 2010, Plaintiff, Anna Lynn Robinson, filed a pro se Response to Report and Recommendation (#22). This court has conducted a careful and thorough de novo review of the record in this case, Judge Bernthal's reasoning, and Plaintiff's Response. Following this review, this court agrees with and accepts Judge Bernthal's Report and Recommendation.

BACKGROUND

The record in this case shows that Plaintiff filed her pro se Complaint (#1) on September 25, 2009, approximately one year ago. On September 28, 2009, Judge Bernthal entered an Order (#4) which granted her Motion for Leave to Proceed in forma pauperis. On November 2, 2009, Defendants filed their Answer and Affirmative Defenses (#6). On December 17, 2009, Judge Bernthal held a Rule 16 conference. At the conference, Judge Bernthal ordered Plaintiff to provide initial disclosures to Defendants within 7 days. Judge Bernthal scheduled a further Rule 16 conference on January 14, 2010. Judge Bernthal stated that the parties were to submit a proposed

plan in advance of the hearing. On January 14, 2010, Judge Bernthal entered a text order which rescheduled the Rule 16 conference to January 26, 2010, noting that the parties had not submitted their proposed plan in advance of the hearing as the court had directed.

On January 22, 2010, Plaintiff filed a pro se Motion to Extend Court Date (#12). In her Motion, Plaintiff stated that the Defendants' attorney had requested documents prior to the planning meeting and she needed "additional time to provide the documents." She stated that she would appreciate the court's understanding because "collecting [a] vast amount of documents takes extra time." She stated that the Defendants' attorney was in agreement with her request. Judge Bernthal entered a text order the same day which granted Plaintiff's Motion and rescheduled the Rule 16 conference on March 9, 2010. Judge Bernthal stated, "[a]s directed in this Court's previous Order, the parties are directed to submit their proposed plan prior to the 3/9/10 hearing."

On March 3, 2010, Defendants filed a Motion for Entry of Scheduling Order (#14). Defendants stated that, despite their best efforts, defense counsel had been unable to get Plaintiff to agree to a proposed Scheduling Order. Defendants also stated that Plaintiff "has yet to supply Defense counsel with her initial Rule 26 Discovery Compliance documents." Defendants noted that they had complied with Rule 26 long ago, and had filed a certificate of compliance on November 4, 2009. Defendants stated that they had prepared a proposed scheduling order, without the participation of Plaintiff, using their best efforts to estimate the required time for each stage of the case. Defendants noted that this task was attempted even though Plaintiff had yet to produce discovery compliance documents.

On March 9, 2010, a Rule 16 conference was held by telephone before Judge Bernthal. Following the hearing, Judge Bernthal entered a Discovery Order (#15). On March 16, 2010, Judge

2

Bernthal entered a text order finding that, in light of the entry of the Discovery Order, Defendants' Motion for Entry of a Scheduling Order (#14) was moot.

On May 18, 2010, Defendants filed a Motion for Sanctions Pursuant to Rule 37 (#16) and a Memorandum of Law in Support (#17). Defendants stated that Plaintiff's disclosures pursuant to Rule 26(a)(1) were incomplete and inadequate. Defendants stated that, under Rule 26(a)(1)(A)(i), Plaintiff was required to identify individuals likely to have discoverable information and the subjects of that information. Defendants noted that Plaintiffs' witness disclosures failed to provide the subjects of the information the witnesses had to support Plaintiff's claims. Defendants also stated that the documents produced by Plaintiff were incomplete based upon Plaintiff's representations that there was a "vast amount of documents." Defendants further stated that Plaintiff made no computation of the category of damages she claimed. Defendants attached as exhibits the documents which Plaintiff had produced, including some medical records. Defendants argued that Plaintiff had failed to comply with the mandatory disclosures as required by Rule 26(a)(1) and had ignored two Orders directing that those disclosures be completed. Defendants stated that their counsel had communicated with Plaintiff on six separate occasions regarding the inadequacies of the records produced and disclosures made and the disclosures still had not been completed. Plaintiff did not file a response to the Motion.

On June 29, 2010, Judge Bernthal held a hearing regarding Defendants' Motion for Sanctions by personal appearance. At the hearing, Judge Bernthal granted the Motion for Sanctions. Judge Bernthal ordered that Plaintiff was "compelled to fully comply with the requirements of Rule 26(a)(1) within seven (7) days." Judge Bernthal further ordered that Plaintiff was responsible for attorney fees and costs and directed Defendants' counsel to file an affidavit in support of fees and

costs within 14 days. Judge Bernthal stated that Plaintiff would have 14 days to file written objections. On June 30, 2010, Defendants' counsel submitted an Affidavit (#18) which documented that Defendants incurred attorneys fees in the amount of $2,062.50 in attempting to urge Plaintiff to fully comply with Rule 26. No objections were filed by Plaintiff.

On July 13, 2010, Defendants filed a Renewed Motion for Sanctions Pursuant to Rule 37 (#19). Defendants stated that, at the hearing on June 29, 2010, a lengthy discussion took place between Judge Bernthal and Plaintiff, setting forth with great clarity how Plaintiff must go about complying with Rule 26 disclosures. Defendants further stated that July 6 was the deadline for full compliance by Plaintiff. Defendants stated that, despite Plaintiff's assurance that she would comply shortly, no compliance by Plaintiff had been forthcoming as of July 13, 2010. Defendants stated:

> Already, Plaintiff's delay in compliance has prejudiced Defendants' handling of the case. Had Plaintiff complied originally according to the Federal Rules, her initial compliance would have been forthcoming five or six months ago. As things are, however, Plaintiff has still not complied and no serious further discovery in the case has taken place, and now according to the Court's Scheduling Order, all discovery is to be completed by 12/15/10. That means that even if Plaintiff complied immediately, Defendants' time within which to conduct all further discovery in this case has been compressed down to a five month period, whereas it was originally contemplated by the parties that Defendants would have approximately one year to conduct all necessary discovery. The premise upon which the

> Discovery Order dated 3/16/10 was entered was that Plaintiff's compliance would not be further delayed, and in fact paragraph three of that Discovery Order indicates that by 8/2/10 Plaintiff is to disclose experts and provide expert reports, and there is absolutely no way that the 3/16/10 Discovery Order can be carried out faithfully by the parties in view of Plaintiff's delay in Rule 26 compliance.

Defendants stated that "[t]hese delays mainly prejudice the Defendants, since presumably Plaintiff already knows what her case would be and Defendants do not." Defendants contended there was "no excuse or justification" for the delays and noted that Plaintiff alleged employment discrimination and "handling of such cases is usually more complicated and very document intensive." Defendants stated that, "[r]ealistically, it has gotten to the point where defense counsel must suggest to the Court that the case should be dismissed because it cannot otherwise be responsibly handled within the timeframe outlined by the Discovery Order." Defendants asked that Plaintiff's complaint be dismissed with prejudice.

Plaintiff did not file a response to Defendants' Renewed Motion for Sanctions (#19). On September 1, 2010, Judge Bernthal entered an Order (#20) which awarded attorney fees in the amount of $2,062.50 to Defendants to be paid by Plaintiff. On September 7, 2010, Judge Bernthal issued his Report and Recommendation (#21). Judge Bernthal noted that, at the hearing on June 29, 2010, he "found Plaintiff's conduct so unreasonable" that he awarded fees and costs. He further stated that he was familiar with the problems outlined in Defendants' Motion and has "concluded that Plaintiff will not participate in the discovery phase of this lawsuit." Judge Bernthal stated that Plaintiff had been "put on notice of her obligations and still ignores them." Judge Bernthal

concluded that there was no justification for Plaintiff's conduct and that it was not "reasonable to expect Defendants to continue to spend money defending the suit when Plaintiff does not abide by the rules and orders of the Court." Judge Bernthal therefore recommended that Defendants' Renewed Motion for Sanctions Pursuant to Rule 37 (#19) be granted and Plaintiff's complaint be dismissed with prejudice.

On September 23, 2010, Plaintiff filed her pro se Response to Report and Recommendation (#22). Plaintiff stated that defense counsel had "received all information in reference to my statements and witnesses." Plaintiff stated that she had not turned over financial documents because she is not an attorney and felt she "needed to do a little research and seek legal advice to answer" requests from Defendants' counsel. She stated that the only things she has left to turn in are the financial documents but she "still need[s] some legal assistance on the pain and suffering issues." She stated that she had also been in an automobile accident on August 19 and was having some pain in her neck. Plaintiff stated that she was asking for "7 days to completely comply" and also asked that her case not be dismissed.

## ANALYSIS

On December 17, 2009, Judge Bernthal ordered Plaintiff to comply with her obligation to provide initial disclosures within 7 days. Subsequently, on June 29, 2010, Judge Bernthal held a hearing and concluded that, more than six months later, Plaintiff had not fully complied with her obligations under Rule 26. Judge Bernthal determined that her failure to do so was unreasonable and that Defendants were entitled to attorney fees and costs. This certainly should have gotten Plaintiff's attention and made her aware that her failure to comply was serious and could lead to serious consequences. Judge Bernthal also explained to Plaintiff how to comply with Rule 26 and

6

gave her an additional 7 days for complete compliance. Plaintiff did not comply with Judge Bernthal's Order and did not respond to Defendants' Renewed Motion for Sanctions Pursuant to Rule 37 (#19) in which Defendants stated that Plaintiff did not comply within 7 days and dismissal of her complaint, with prejudice, was warranted.

In her Response to the Report and Recommendation, Plaintiff has admitted that she still has not complied with Judge Bernthal's June 29, 2010, Order to fully comply within 7 days. In fact, almost three months later, Plaintiff is asking for more time to comply. This court also notes that Plaintiff's compliance with Judge Bernthal's June 29, 2010, Order was due by July 6, 2010. Therefore, Plaintiff's failure to comply cannot possibly be excused by the fact that Plaintiff was involved in an automobile accident on August 19, 2010.

Based upon the record in this case, this court agrees with Judge Bernthal's reasoning and accepts the Report and Recommendation.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#21) is accepted by this court.

(2) Defendants' Renewed Motion for Sanctions Pursuant to Rule 37 (#19) is GRANTED and Plaintiff's pro se Complaint (#1) is dismissed with prejudice.

(3) The clerk is directed to file under seal the exhibits attached to Defendants' Motion for Sanctions (#16) as the exhibits contain medical records.

(4) This case is terminated.

ENTERED this 28th day of September, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE