E-FILED
Friday, 22 June, 2012 01:38:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANNA LYNN ROBINSON,<br><br>        Plaintiff,<br>v.<br><br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT,<br>BETH SHEPPERD,[1] and CHERYL O'LEARY,<br><br>        Defendants. | Case No. 09-CV-2237 |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#38) filed by Defendants, Champaign Unit 4 School District (District), Beth Shepperd, and Cheryl O'Leary. The pro se Plaintiff, Anna Lynn Robinson, has not filed a response although she was allowed more than two months to do so. This court has carefully considered Defendants' arguments and the documents filed. Following this careful and thorough review, Defendants' Motion for Summary Judgment (#38) is GRANTED.

## FACTS

Plaintiff, who is African American, was hired by the District as a special education teacher in October 2002. Plaintiff worked part of the 2002-2003 school year and then worked as a full-time special education teacher at Franklin Middle School during the 2003-2004 and 2004-2005 school years. In February 2005, Plaintiff was told that her contract would not be renewed due to problems with her performance. Plaintiff filed a grievance

---

[1] Plaintiff misspelled this Defendant's name as "Beth Sheppard." This court has used the correct spelling of her name.

through her union and a meeting was held on March 18, 2005. The District made the decision to give Plaintiff an opportunity to prove herself in a different setting. Plaintiff then worked as a special education teacher at Garden Hills School for the 2005-2006 and 2006-2007 school years. Plaintiff again had performance problems, even though she was assigned a mentor in January 2006 and again during the 2006-2007 school year. Plaintiff's performance problems included problems with completing paperwork and documented problems with maintaining the confidentiality of student records. Plaintiff's contract was not renewed following the 2006-2007 school year because of job performance issues.

## PROCEDURAL HISTORY

On November 20, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights. Plaintiff claimed that she was discriminated against on the basis of her race and retaliated against for filing a previous charge of discrimination in 2005. On June 23, 2009, the EEOC sent Plaintiff a Notice of Right to Sue.

On September 25, 2009, Plaintiff filed a pro so Complaint (#1) alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000e-5. Plaintiff named the District, Beth Shepperd and Cheryl O'Leary as Defendants. She alleged that she was subjected to unequal terms and conditions and subjected to harassment. She alleged that Shepperd made an agreement with the union which she violated[2] and that O'Leary engaged in harassment.

---

[2] At her deposition, taken November 2, 2011, Plaintiff testified that, in March 2005, Shepperd said that she would try to place Plaintiff at a school with an African American

She also alleged that she was discriminated against when she was terminated on April 5, 2007.

After Defendants appeared in the case and filed their Answer and Affirmative Defenses (#6), there were problems with Plaintiff's compliance with her discovery obligations. On September 28, 2010, this court entered an Opinion (#23). This court granted Defendants' Renewed Motion for Sanctions Pursuant to Rule 37 and dismissed Plaintiff's pro se Complaint with prejudice. Plaintiff appealed, and the Seventh Circuit Court of Appeals reversed this court's Opinion in an Order dated March 9, 2011. The Seventh Circuit stated that "[u]ltimately, the record before us is insufficient to conclude that the district court had a satisfactory basis to infer fault, bad faith, or willful noncompliance with Rule 26(a)(1) as was necessary to sanction [Plaintiff] with dismissal."

Following the issuance of the Seventh Circuit's Mandate (#32), a Rule 16 conference was held before Magistrate Judge David G. Bernthal on May 19, 2011. An Amended Discovery Order (#34) was entered and the case was set for a bench trial on August 13, 2012. The parties proceeded with discovery and depositions, including the deposition of Plaintiff, Shepperd, and O'Leary. In addition, all of the witnesses listed on Plaintiff's trial witness list were deposed, except for one witness who was subpoenaed but did not appear for the deposition.

---

principal. Plaintiff testified that she was instead placed at Garden Hills School where O'Leary was the principal. O'Leary is not African American. Defendants have pointed out, however, that any possible claim based on Shepperd's failure to place her at a school with an African American principal was not included in Plaintiff's charge of discrimination filed with the EEOC and is also time-barred.

On April 6, 2012, Defendants filed a Motion for Summary Judgment (#38), with attached exhibits, including deposition transcripts of all of the depositions taken, and a Memorandum in Support (#39). Defendants' Memorandum included a lengthy Statement of Undisputed Facts. On April 9, 2012, the clerk's office sent a Notice (#40) to Plaintiff. The Notice stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. See Fed.R.Civ.P. 12(b)(6), Fed.R.Civ.P.56; Fed.R.Civ.P.12(c),. Please be advised that you have **twenty-one (21)** days from the date of filing to respond to the motion. If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982); Timms v. Frank, 953 F.2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(D)(2).
>
> When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the

4

> Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed.R.Civ.P 56(e) and L.R. 7.1 (attached).**

The clerk's office attached and sent a copy of Rule 56 and a copy of Local Rule 7.1 with the Notice. Plaintiff's response to the Motion for Summary Judgment was due by April 30, 2012.

On April 30, 2012, Plaintiff filed a Motion for Extension of Time to File Response (#41). Plaintiff requested an additional 21 days to file her response to the Motion for Summary Judgment. On May 4, 2012, this court entered a text order which granted Plaintiff's Motion and allowed her until May 21, 2012, to file her response.

On June 4, 2012, Plaintiff filed another Motion for Extension of Time to File Response (#42). Plaintiff asked for an additional 21 days to file her response to the Motion for Summary Judgment. On June 5, 2012, this court entered a text order granting Plaintiff's Motion for an Extension of Time. However, this court stated:

> Plaintiff's response was originally due on 4/30/2012. Plaintiff requested an extension of time to file her response. This request was granted and Plaintiff was allowed until 5/21/2012 to file her

> response. Plaintiff did not file her response or a request for an extension of time prior to 5/21/2012. Plaintiff has now, belatedly, requested an additional 21 days to file her response. This court concludes that an extension to 6/18/2012 will be adequate under these circumstances. Therefore, Plaintiff's Response is due by 6/18/2012. No further extensions will be allowed. Defendants' Reply is due by 7/2/2012.

Plaintiff has not filed a response although she was allowed more than two months to do so.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion must file a response. A failure to respond will be deemed an admission of the motion.

Rule 7.1(D)(2)(b)(6) provides that the "failure to respond to any numbered fact will be deemed an admission of the fact." The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Therefore, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary

6

judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); see also Archer Daniels Midland Co. v. Whitacre, 60 F. Supp. 2d 819, 823 (C.D. Ill. 1999). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392, quoting Wienco Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 568 (7th Cir. 1992).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge, 24 F.3d at 920.

DEFENDANTS' MOTION

In this case, Defendants have provided detailed supporting documentation to show that there is no factual support for Plaintiff's claims of racial discrimination and harassment. Defendants argue that summary judgment is appropriate because the undisputed facts show that Plaintiff was not discriminated against or harassed on the basis of her race. This court agrees.

This court has carefully reviewed all of the documentation submitted by Defendants

as well as Defendants' citations of authority. Following this careful review, this court concludes that Defendants have met their burden to show that no material dispute of fact exists which requires a trial. The evidence, including Plaintiff's deposition, provides no support for a claim of harassment based upon race. In addition, there is no evidence which shows discrimination based upon race, whether under the direct or indirect method of proof. Plaintiff's discrimination claim is doomed by the undisputed fact that Plaintiff was terminated because of well-documented job performance issues. Based upon the undisputed facts and the applicable case law, this court agrees with Defendants that they are entitled to judgment against Plaintiff as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion for Summary Judgment (#38) is GRANTED.

(2) Judgment is entered in favor of Defendants and against Plaintiff.

(3) This case is terminated. The final pretrial conference scheduled on August 3, 2012 at 1:30 p.m. and the bench trial scheduled on August 13, 2012 at 9:00 a.m. are hereby VACATED.

ENTERED this 22nd day of June, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE